THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL MCCORMACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-3787 |
| | § | |
| AUDUBON ENGINEERING | § | |
| SOLUTIONS, LLC; | § | |
| AUDUBON FIELD SOLUTIONS, | § | |
| LLC; AUDUBON ENGINEERING | § | |
| OPERATIONS, LLC; and their | § | |
| parent company, AUDUBON | § | |
| ENGINEERING COMPANY, LLC; | § | |
| | § | |
| Defendants. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Michael McCormack ("McCormack") files suit against Defendants Audubon Engineering Solutions, LLC, Audubon Field Solutions, LLC, Audubon Engineering Operations, LLC, and Audubon Engineering Company, LLC,[1] as follows:

NATURE OF THE DISPUTE

1.   Audubon violated McCormack's rights under the Family Medical Leave Act (the "FMLA") by interfering with, restraining, and/or denying him the exercise of or the attempt to exercise his rights under the FMLA in violation of 29 U.S.C. § 2615(a)(1). In addition, Audubon discriminated and retaliated against McCormack for exercising, or attempting to exercise, his rights under the

---

[1]   Defendants Audubon Engineering Solutions, LLC, Audubon Field Solutions, LLC, and Audubon Engineering Operations, LLC, are wholly owned subsidiaries of Defendant Audubon Engineering Company, LLC (collectively, "Audubon").

FMLA in violation of 29 U.S.C. § 2615(a)(2).

2.    Based on the foregoing, McCormack brings this action to recover damages he incurred because of Audubon's violation of the FMLA, including without limitation, reinstatement and actual and liquidated damages.  In addition, McCormack seeks reimbursement of his reasonable attorneys' fees and costs of court under the FMLA.

<u>JURISDICTION AND VENUE</u>

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (2021) and 29 U.S.C. §§ 2610-2617 (2021).

4.    McCormack brings this complaint in the district in which he resides and where a substantial portion of the conduct charged occurred.  Accordingly, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2021).

<u>THE PARTIES</u>

5.    McCormack is an individual residing in Houston, Texas.

6.    Audubon Engineering Solutions, LLC, a Texas limited liability company, may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7.    Audubon Field Solutions, LLC, a foreign limited liability company authorized to do business in Texas, may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8.    Audubon Engineering Operations, LLC, a Texas limited

liability company, may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9.    Audubon Engineering Company, LLC, a foreign limited liability company not authorized to do business in the State of Texas, may be served with process by serving its registered agent, CT Corporation System, at 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

<u>BACKGROUND</u>

10.    Audubon is a global engineering, management, and technical services provider for the energy, power, utility, infrastructure, and industrial markets. Audubon Engineering Solutions, LLC, Audubon Field Solutions, LLC, and Audubon Engineering Operations, LLC, are wholly owned subsidiaries of Audubon Engineering Company, LLC. At all times material to this lawsuit, Audubon employed more than fifty (50) employees for each working day during twenty (20) calendar workweeks in the current or preceding calendar year.

11.    McCormack began his employment with Audubon on July 20, 2019, as a Senior Project Engineer. McCormack was assigned to, and worked from, Audubon's corporate office in Houston along with hundreds of other Audobon employees. McCormack's first project for Audubon concerned the Hess Corporation ("Hess") Tioga Plant in Tioga, North Dakota (the "Hess Project").

12.   In early January 2021, McCormack informed his direct report, Chris Burson ("Burson"), that his wife was pregnant and due in late July 2021.  McCormack also informed Burson that he intended to take time off to care for his wife and newborn child.

13.   In early February 2021, McCormack informed Hector Marin ("Marin"), the Hess' Project Manager, that his wife was pregnant and that he intended to take a leave from work in late July.  From February 2021 through April 2021, McCormack had multiple conversations with Burson, Sonny Best ("Best"),[2] Shawn Senf ("Senf"),[3] and Ryan Lovell ("Lovell")[4] with regard to the Hess Project needs.

14.   During that same time frame, Audubon delegated fewer responsibilities to McCormack and began to exclude him from personnel and planning decisions relating to the Hess Project.  In late May/early June 2021, a revised organizational chart was implemented for the Hess Project without any input from McCormack.

15.   It was explained to McCormack that the revised chart was part of a plan to address his anticipated absence following the birth of his child (the "Plan").  At that time, the Plan provided for McCormack's continued involvement with the Hess Project through

---

2    In February 2021, Best replaced Burson as McCormack's direct report at Audubon.

3    Senf was Audubon's Vice President of Downstream to whom Burson and Best reported.

4    Lovell was Audubon's Business Development Lead.

October of 2021, the forecast completion date.

16.    McCormack was assured by Best that he would remain
employed by Audubon and involved in the Hess Project through its
completion.  McCormack also discussed future projects with Lovell.
However, neither Best nor anyone else at Audubon informed McCormack
that his anticipated absence qualified for protected leave under
the FMLA.

17.    On June 29, 2021, McCormack learned that Best had
publicly discussed in company meetings McCormack being "laid-off."
McCormack was also told that Best indicated that McCormack had
elected to leave Audubon immediately rather than complete the Hess
Project.

18.    On June 29, 2021, Best requested that McCormack meet with
he and Darrell Church (Audubon Construction Manager) ("Church").
During the meeting, Best advised McCormack that Hess had made the
decision to "not keep McCormack" on the Hess Project.  Further,
Hess wanted McCormack off the Hess Project immediately.  Finally,
Best informed McCormack that Audubon human resources would meet
with him sometime after July 6, 2021, to discuss his continued
employment.  During the conversation with Best, it was made clear
to McCormack that the decision was not performance based but,
rather, was based on costs associated with McCormack being away
from the Hess Project to care for his newborn child.

19.    That evening, McCormack met with Marin (at Marin's

request) who questioned McCormack as to whether he left the Hess Project voluntarily or involuntarily. Marin then informed McCormack that Hess had not requested that McCormack be removed from the Hess Project. In fact, Marin indicated that Hess intended for McCormack to return in "two (2) months or so" following his leave in order to provide closeout support for the Hess Project.

20. Contrary to Best's assurances relative to McCormack's employment with Audubon, on July 1, 2021, McCormack received notice by email that his employment with Audubon was terminated immediately.

21. Briefly restated, McCormack gave Audubon timely notice of his foreseeable need for leave to care for his newborn child. Audubon never advised McCormack of his entitlement to leave under the FMLA. Instead, Audubon terminated McCormack's employment shortly before the birth of his child.

22. This lawsuit follows.

<u>FIRST CAUSE OF ACTION</u>

<u>Violations of the FMLA</u>

23. McCormack incorporates all allegations contained in paragraphs 1 through 22.

24. The FMLA requires employers, such as Audubon in this case, to provide up to twelve (12) weeks of unpaid leave to any eligible employee because of the birth of a son or daughter and to care for such son or daughter. 29 U.S.C. § 2612(a)(1)(A) (2021).

25.  When an employer acquires knowledge that an employee's requested leave may be for an FMLA-qualifying reason, the employer must notify the employee of his/her eligibility to take FMLA leave. See 29 C.F.R. § 825.300(b) (2021).  Employers must also provide employees with written notice detailing the employer's expectations and the consequences of an employee's failure to meet those obligations.  See 29 C.F.R. § 825.300(c) (2021).  Failure to provide such notice may constitute interference with, restraint, or denial of the exercise of an employee's rights under the FMLA.  See 29 C.F.R. § 825.300(c) (2021).

26.  It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C. § 2615(a)(1)(2021).  It is also unlawful to retaliate against an employee for exercising their rights under the FMLA.  29 U.S.C. § 2615(a)(2) (2021).

27.  Applied here, Audubon: (1) failed to provide McCormack with notice of his eligibility for FMLA leave; (2) interfered with, and denied, McCormack's attempt to exercise rights protected by the FMLA; and (3) retaliated against McCormack because he attempted to exercise his rights protected by the FMLA.

28.  Under these circumstances, the FMLA provides that an employer who violates the FMLA shall be liable, without limitation, for the amount of any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the

violation ("Lost Wages and Benefits"), interest on the Lost Wages and Benefits, and liquidated damages equal to the sum of the Lost Wages and Benefits and corresponding interest.  29 U.S.C. § 2617(a) (2021).

29.  As a result, McCormack has been damaged by Audubon's violation of the FMLA for which amounts and conduct McCormack sues.

## ATTORNEYS' FEES

30.  McCormack has employed counsel for which he seeks reimbursement of his reasonable attorneys' fees and costs incurred pursuant to 28 U.S.C. § 2617(a)(3)(2021).  McCormack has complied with all conditions precedent to the recovery of attorneys' fees.

## RELIEF SOUGHT

WHEREFORE, Plaintiff Michael McCormack requests that at trial he be awarded the following, jointly and severally, against Defendants Audubon Engineering Solutions, LLC, Audubon Field Solutions, LLC, Audubon Engineering Operations, LLC, and Audubon Engineering Company, LLC,:

a.    reinstatement to a comparable position as provided by the FMLA;

b.    actual damages as provided by the FLMA;

c.    liquidated damages as provided by the FMLA;

d.    costs of court;

e.    reasonable attorneys' fees;

f.    prejudgment and post-judgment interest on the amounts awarded above at the highest rate allowed by law; and

g.  such additional relief to which McCormack may
    be entitled.

                        Respectfully submitted,


                        /S/ Mark Siurek
                        Mark Siurek
                        TBA# 18447900
                        Fed ID# 9417
                        3334 Richmond Ave, Suite 100
                        Houston, Texas  77098
                        713-522-0066 (telephone)
                        713-522-9977 (fax)
                        msiurek@warrensiurek.com

                        ATTORNEY-IN-CHARGE FOR PLAINTIFF
                        Michael McCormack

                        OF COUNSEL:

                        WARREN & SIUREK, L.L.P.
                        Patricia Haylon
                        TBA# 09281925
                        Fed ID# 13941
                        3334 Richmond Ave, Suite 100
                        Houston, Texas 77098
                        713-522-0066 (telephone)
                        713-522-9977 (fax)
                        thaylon@warrensiurek.com